**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter Marlin WEBB,
Defendant-Appellant.**

**No. 79–1519.**

United States Court of Appeals,
Ninth Circuit.

March 4, 1980.

Carleen Arlidge, San Jose, Cal., argued for defendant-appellant; Frank M. Mangan, San Jose, Cal., on the brief.

Joseph M. Burton, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before KENNEDY and FERGUSON, Circuit Judges, and WILLIAMS,* District Judge.

PER CURIAM:

While being held prisoner and in solitary confinement at the Correctional Training Facility at Soledad, California, Webb told a security officer that he wanted to confess to another crime but that he wanted a minister present. After a short time Webb was escorted to the office of the security officer, who was present with the prison chaplain. Webb confessed to a murder on federal lands and was subsequently found guilty of the offense, the confession having been admitted into evidence. Webb claims the confession is privileged because it was a confidential communication to a clergyman. *See* Fed.R.Evid. 501; 8 J. Wigmore, Evidence § 2394 (Chadbourn rev. 1970).

We do not reach the question whether the privilege for penitential communications applies in federal proceedings. The obvious presence of the security officer destroyed the confidentiality that would be necessary to invoke the privilege even if we were to recognize it. To overcome this obstacle, Webb would have to establish that confidentiality is not required if a prisoner takes reasonable steps to insure it and, failing to do so, nevertheless utters the confession. We are cited to no authorities supporting such a rule, and even assuming it to be valid, no reasonable efforts to insure confidentiality were taken here.

There is no contention that the confession was involuntary.

AFFIRMED.

---

* Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.